UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

John Patrick McGuire,          )
                               )
    Plaintiff,                 )
                               )
    v.                         )   Civil Action No.:
                               )
United States District Court et al., )
                               )        10 0696
    Defendants.                )

## MEMORANDUM OPINION

The plaintiff has filed an application to proceed without prepayment of fees and a pro se complaint. The application will be granted and the complaint will be dismissed.

The complaint, which names two federal courts, numerous federal judges, the United States Department of Justice and the United States Attorney General as defendants, *see* Complaint ("Compl.") ¶ 8, must be dismissed for multiple reasons. As a threshold matter, the complaint is largely incoherent and nonsensical.[1] It appears to be based on the sort of "fantastic or delusional scenarios" that warrant summary dismissal. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (determining that courts have the "unusual power to pierce the veil of the

---

[1] *See, e.g.,* Compl. ¶ 15 ("Complaint for ultra vires acts by the Federal corporation United States for breach of contract, the setting up of the States to act outside limited forms[.]"); *id.* ¶ 20 ("Finding no relief in the statutory courts McGuire formed a Common Law court, which issued a writ of prohibition against the Nevada and Sonoma county courts to cease and desist their prosecution against McGuire. Upon being served with the writs of prohibition both courts issued bench warrants for McGuire's arrest."); *id.* ¶ 59 ("Defendant USDC, USCANC, and DOJ are nul tiel entities with no corporate registration in California, Montana or in the District and no known registered agent. Yet its name is prominently and publicly displayed on the signage in front of the courthouses[.] The USDC, USCANC and DOJ logo is printed on memoranda letterhead and envelopes, staff correspondence, forms, and other collateral materials used inside and outside the court facilities. All this giving the impression the USDC, USCANC and DOJ are a legitimate bureaucratic entity.").

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). Thus, the complaint warrants dismissal under 28 U.S.C. § 1915(e)(2)(B)(*i*) (requiring dismissal of frivolous complaints).

Moreover, among other relief requested, the plaintiff seeks as relief "judicial review of pre-filing review orders" imposed on the plaintiff by the United States Court of Appeals for the Ninth Circuit, and a "declaratory judgment vacating the . . . judgment and commitment order entered on March 24, 2009" and "[t]erminating the order of supervised release, vacating the restitution order," and ordering the return of allegedly seized property. *Id.* ¶ 10. He "further demands judicial review of the validity of the constitutional enactment of Title 18 [of the United States Code,] the criminal code of the United States, and the publication thereof in the Federal Code of Regulations." *Id.* ¶ 11. Additionally, the "[p]laintiff demand[s] judgement [sic] against these Defendants in the form of an order from this Court to produce an "Official copy of the Certification of Appointment to Office," a "Signed Loyalty Statement," a "Copy of most recent Ethics Agreement," and a "Copy of signed Employment Agreement," among other things. *Id.* at 21-22. *See also id.* at 25-27 (requesting orders for the defendants to show cause why "official Government records in the custody of the Archivist of the United States will not be present[ed] to this Court and Plaintiff for inspection" and seeking certain congressional records from 1947 and 1948 and other materials).

To the extent that the plaintiff seeks judgment against judges or courts for judicial acts performed in a judicial capacity — which aptly describes the issuance of pre-filing review orders, judgment and commitment orders, and orders for restitution — absolute judicial immunity bars relief. *See slip. op. Doggett v. Gonzales,* Civil Action No. 06-575 (RBW), 2007 WL 2893405,

*3 (D.D.C. Sept. 29, 2007) (discussing the scope of judicial immunity). To the extent that the plaintiff seeks a judgment against the judges in their individual capacities, he has not identified any act taken by any judge in his or her individual capacity, and therefore the complaint fails to state a claim upon which relief may be granted. To the extent he seeks judgment against the Attorney General, he fails to state a claim upon which relief may be granted because he does not identify any injury stemming from any conduct or action traceable to the Attorney General in either his individual or official capacity.

Accordingly, for these reasons the complaint will be dismissed. A separate order accompanies this memorandum opinion.

Date: April 26, 2010

/s/ Reggie B. Walton
United States District Judge